O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-5198 AHM *<br>CR06-911-AHM | Date | November 25, 2009 |
|---|---|---|---|
| Title | SCOTT ALLEN SPERLING v. UNITED STATES OF AMERICA | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**      IN CHAMBERS (No Proceedings Held)

Petitioner Scott Sperling's *pro se* 28 U.S.C. § 2255 petition attacks the sentence he received for a single count of possession of child pornography. Sperling challenges the sentence on five claims of ineffective assistance of counsel. Based on the motion, files and records, the Court finds that all but one of Sperling's claims are without merit. The remaining claim, alleging that his attorney did not file a notice of appeal despite being instructed to, requires an evidentiary hearing to resolve. Because the government is confident that Sperling has waived his right to appeal, it can avoid the trouble and expense of an evidentiary hearing by simply dropping its opposition to this claim. (See below.)

**I.      BACKGROUND**

In January 2007, Sperling pled guilty to a single count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (Opp'n at 4.) Pursuant to a plea agreement, Sperling and the government stipulated to a Sentencing Guidelines calculation that resulted in a guideline range of seventy-eight to ninety-seven months in prison. *Id.* Sperling also agreed to waive his right to appeal any sentence that was within or below the stipulated guideline range. (Sperling Plea Agreement ¶ 20.)

On August 1, 2007, this Court sentenced Sperling to thirty-nine months imprisonment, ten years supervised release, a $12,500 fine, and a $100 special assessment. (Sentencing Tr. At 26-29.) Before sentencing the Court considered letters from Sperling's family and friends and from a staff member at Central Recovery, a

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-5198 AHM * <br> CR06-911-AHM | Date | November 25, 2009 |
|---|---|---|---|

| Title | SCOTT ALLEN SPERLING v. UNITED STATES OF AMERICA |
|---|---|

facility where defendant was undergoing treatment for alcoholism. *Id*. at 3-5. The Court also considered letters written by victims and their families. *Id*.

Sperling did not appeal his sentence. However, on August 1, 2008, Sperling filed a motion seeking relief pursuant to 28 U.S.C. § 2255. Sperling asks this Court to set aside his sentence based on a claim of ineffective assistance of counsel. Specifically, Sperling claims that: (1) despite his instructions his lawyer did not schedule a complete psychiatric exam and submit the results at sentencing; (2) his lawyer failed to submit over 150 pages of medical case notes concerning Sperling's treatment and progress; (3) despite his instructions his lawyer failed to subpoena medical and professional witnesses at sentencing; (4) despite his instructions his lawyer failed to object to the pre-sentencing report (PSR) recommendation of ten years supervised release; and (5) despite his instructions his lawyer failed to file a notice of appeal with regards to the term of supervised release. (Sperling Aff. at 1.)

Sperling also requests an evidentiary hearing on these issues.

## II. LEGAL STANDARD

### A. Evidentiary Hearing

A habeas petitioner is entitled to a evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A district court must grant an evidentiary hearing if Petitioner has alleged facts that, if proven, would entitle him to relief. *Tilcock v. Budge*, 538 F.3d 1138, 1143 (9th Cir. 2008). But if the motions, files, and records conclusively rebut Petitioner's ineffective assistance of counsel claims, then no hearing is necessary. *United States v. Moore*, 921 F.2d 207 (9th Cir. 1990).

### B. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a claim that his counsel rendered ineffective assistance, Petitioner must demonstrate

O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-5198 AHM *  CR06-911-AHM | Date | November 25, 2009 |
|---|---|---|---|
| Title | SCOTT ALLEN SPERLING v. UNITED STATES OF AMERICA | | |

that: (1) counsel's performance was deficient; and (2) the deficient performance resulted in prejudice. *Id.* at 688-93. *See also Yarborough v. Gentry*, 540 U.S. 1 (2003) (*per curiam*) (the Sixth Amendment right "is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense."). Both prongs of the *Strickland* test must be satisfied to establish a constitutional violation. *Strickland*, 466 U.S. at 697 (no need to address deficiency of performance if lack of prejudice is obvious); *Siripongs v. Calderon*, 133 F.3d 732, 737 (9th Cir. 1998) (no need to address prejudice when petitioner cannot establish deficient performance).

The first prong of the *Strickland* test – deficient performance – requires a showing that counsel's performance was "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. The relevant inquiry is not what defense counsel could have done, but whether counsel's choices were reasonable. *Babbit v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998). Judicial scrutiny of counsel's performance "must be highly deferential" – the Court must guard against the distorting effects of hindsight and consider challenged conduct from counsel's perspective at the time in question. *Strickland*, 466 U.S. at 689.

Given the difficulty in deciding whether counsel's conduct was reasonable, there is a strong presumption that the conduct falls within the wide range of reasonable professional assistance. *Id.* Therefore, "[t]he defendant bears the heavy burden of proving that counsel's assistance was neither reasonable nor the result of sound trial strategy." *Murtishaw v. Woodford*, 255 F.3d 926, 939 (9th Cir. 2001).

The second *Strickland* prong – prejudice – requires a showing of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." *Id.*

## III.  DISCUSSION

Sperling's claim that his attorney failed to file a notice of appeal requires a hearing because the Court cannot conclusively determine that Sperling is not entitled to relief on this claim. Sperling's remaining claims do not require a hearing because they can be

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV08-5198 AHM *<br>CR06-911-AHM | Date | November 25, 2009 |
|---|---|---|---|
| Title | SCOTT ALLEN SPERLING v. UNITED STATES OF AMERICA | | |

denied on the motion and the existing record.

### A.    Sperling's Appeal Claim Deserves an Evidentiary Hearing.

Sperling claims he told his lawyer to appeal, but his lawyer refused to file a notice of appeal. (Sperling Aff. ¶ 5.) In his second affidavit Sperling states that his counsel "told me that I could not appeal and wouldn't file a notice of appeal." ¶ 11. The lawyer responds "I did not refuse to file a Notice of Appeal. The terms of Mr. Sperling's plea agreement prevented him from appealing . . . I told [that] to a [female relative of Sperling] and that the government would certainly cross-appeal [the term of imprisonment, which was greatly below what the government sought] if Mr. Sperling filed an appeal."

The government attacks this claim on two grounds. First, in direct contradiction to Sperling's statement, the government claims that Sperling did not clearly express his desire to appeal. (Opp'n at 11.) This argument can be set aside for now because the veracity of Sperling's allegation would have to be resolved through an evidentiary hearing. Second, the government attacks Sperling's claim based on the second *Strickland* prong, prejudice. (Opp'n at 14.) The government argues that Sperling was not prejudiced by a failure to appeal because such an appeal was precluded by his plea agreement. *Id.* According to the government: "because any appeal from the sentence would have been completely without merit, no prejudice resulted from any failure to file a notice of appeal." *Id.*

However, the government completely fails to address clear and controlling Ninth Circuit precedent. In *United States v. Sandoval-Lopez*, the Ninth Circuit held that a failure to file an appeal when directed, even if an appeal is contrary to a plea agreement and harmful to the client, is *per se* ineffective assistance of counsel. 409 F.3d 1193, 1197 (9th Cir. 2005).

In *Sandoval-Lopez*, Petitioner brought a habeas claim alleging that he received ineffective assistance of counsel when his lawyer failed to file a notice of appeal after being specifically instructed to do so. *Id.* at 1195. Petitioner had entered into an

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-5198 AHM *<br>CR06-911-AHM | Date | November 25, 2009 |
|---|---|---|---|

| Title | SCOTT ALLEN SPERLING v. UNITED STATES OF AMERICA |
|---|---|

extremely favorable plea agreement negotiated by his attorney, and he had also waived his right to appeal. *Id.* at 1194. The court found that the plea agreement and the sentencing proceeding were "as solid a waiver of the right to appeal as can be imagined." *Id.* at 1195. The court further determined that if Petitioner had appealed his appeal would have probably been dismissed because it was waived, and that even if he had prevailed he would likely have received a stiffer sentence. *Id.* at 1197. Nevertheless, the court determined that a failure to file an appeal was ineffective assistance of counsel, regardless of the merits of the appeal. *Id.* As the court found in *Sandoval-Lopez*: "The prejudice in failure to file a notice of appeal cases is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal." *Id.* Sperling's situation is almost identical to *Sandoval-Lopez*.

*Sandoval-Lopez* essentially reduces the *Strickland* analysis to a single two-part question: did the petitioner instruct his attorney to file a notice of appeal and did the attorney fail to do so? A "yes" answer to both parts of this question would, in principle, determine that Petitioner is entitled to relief. That question must be resolved through an evidentiary hearing.

However, Sperling's appeal will almost definitely be rejected because of his plea agreement (and perhaps for other reasons). So the government would be well advised to drop its opposition to this claim, and (a) go along with this Court re-sentencing Sperling so as to trigger a new Notice of Appeal (the term of supervised release remaining the same) or (b) have this Court deny his petition outright but issue a Certificate of Appealibility that would result in appellate review. *See Id.* at 1198 ("The government might choose this alternative to free itself from the restraint of the plea bargain, or because getting the appeal dismissed would be less work than an evidentiary hearing.").

**B.    Sperling's Claim that His Attorney Failed to Object to the PSR Recommendation of Ten Years Supervised Release Lacks Merit.**

Sperling claims that he instructed his lawyer to object to the PSR's recommendation of ten years supervised release, but that his attorney failed to do so. (Sperling Aff. ¶ 4.) Responding to this allegation, Sperling's attorney states: "I told [Sperling] that it was unlikely that a shorter time period would be imposed, especially if

O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-5198 AHM *<br>CR06-911-AHM | Date | November 25, 2009 |
|---|---|---|---|
| Title | SCOTT ALLEN SPERLING v. UNITED STATES OF AMERICA | | |

his sentence was reduced by the court and he understood. . . . In light of the substantial departure and reduced sentence, I strategically chose not to object." (Spindel Decl. ¶ 7.)

This claim survives the second prong of the *Strickland* test – prejudice. The sentencing transcript contains no discussion of the term of supervised release. (*See* Sentencing Tr.) The Court had already found that Sperling was not public enemy number one and that the term of imprisonment suggested by the PSR was unreasonably high. (Sentencing Tr. at 25, 27.) On these facts, if Sperling's attorney had objected to the lengthy term of supervised release, perhaps I might have considered lowering it.

However, Sperling's claim cannot survive the deficient performance prong of the *Strickland* test. The record shows that Sperling's attorney was focused on minimizing the prison sentence. *See Id.* at 15. In fact, his attorney's first sentencing request was for probation. *Id.* In light of this aggressive posture on the term of imprisonment, Sperling's attorney's declaration that he strategically chose not to object to the term of supervised release is plausible. (Spindel Decl. ¶ 6.) Because Sperling fails to provide any evidence to negate the claim that his attorney's decision was a strategic choice, I apply the presumption that the conduct was reasonable.

### C. Sperling's Three Remaining Claims Lack Merit.

Sperling has three remaining claims: (1) his attorney failed to schedule a psychiatric examination and present its results; (2) his attorney failed to subpoena various medical and professional witnesses; and (3) his attorney failed to submit over 150 pages of medical records.

The psychiatric evaluation claim and the testimony claim fail because they do not establish prejudice, the second *Strickland* requirement. The Court was keenly and fully aware of Sperling's alcoholism and his treatment program when I sentenced him, and Sperling does not contend that he suffers from any additional psychiatric conditions or disorders that would have constituted mitigation evidence. (Sentencing Tr. at 10.) Sperling's argument therefore relies on speculation that *if* a psychiatric evaluation had been conducted, and *if* additional witnesses had been called, he would have had additional evidence of mitigation. Such speculation is not sufficient to establish

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-5198 AHM * <br> CR06-911-AHM | Date | November 25, 2009 |
|---|---|---|---|
| Title | SCOTT ALLEN SPERLING v. UNITED STATES OF AMERICA | | |

prejudice. *See Bible v. Ryan,* No. 07-99017, 2009 WL 1874343 at *10 (9th Cir. July 1, 2009); *Gonzales v. Knowles*, 515 F.3d 1006, 1015-16 (9th Cir. 2008) ("As to the failure to investigate mental health mitigation, Gonzales does not contend that he actually suffered from a mental illness; he merely argues that *if* tests had been done, and *if* they had shown evidence of some brain damage or trauma, it *might have* resulted in a lower sentence. Such speculation is plainly insufficient to establish prejudice.")

Sperling's final claim is that his attorney failed to submit over 150 pages of medical case notes. This allegation fails both prongs of the *Strickland* test. First, Sperling's counsel states that he chose not to overwhelm the court with 150 pages of notes, and instead chose to present what was important. (Spindel Decl. at ¶ 3.) Sperling presents no evidence to the contrary, and therefore I again apply the unrebutted presumption that such decision was within the bounds of acceptable professional conduct. Thus, Sperling cannot establish deficient performance, the first prong of the *Strickland* test. Second, Sperling has failed to demonstrate that he was prejudiced by the failure to present these notes. The Court was already aware of the essential facts of Mr. Sperling's treatment. (*See* Sentencing Tr. at 10-11.) There is nothing to suggest that additional medical notes would have made a difference.

### D.  The Court Should Not Decide the Certificate of Appealability Question at this Time.

The district court may issue a certificate of appealability from a final order in a Section 2255 proceeding. *United States v. Asrar*, 116 F.3d 1268, 1269 (9th Cir. 1997). Because Sperling's notice of appeal claim has not yet been resolved, the Court should not decide this issue at this time.

However, the Court notes that Sperling has not made a substantial showing of the denial of a constitutional right with regard to the four claims resolved in this order. Therefore, even if Sperling makes a substantial showing on his notice of appeal issue, the Court will not certify the other four issues for appeal.

/ / /

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-5198 AHM * <br> CR06-911-AHM | Date | November 25, 2009 |
|---|---|---|---|
| Title | SCOTT ALLEN SPERLING v. UNITED STATES OF AMERICA | | |

## IV. CONCLUSION

Petitioner's claims, except for the notice of appeal claim, are dismissed. The Court ORDERS the government to file a Status Report by not later than December 7, 2009 disclosing whether it will drop its position that in fact no appeal was sought, in order to permit Sperling to be resentenced or to otherwise prosecute an appeal.

  :  

Initials of Preparer     SMO